UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NICHOLAS CRADOR ET AL**             **CASE NO. 2:21-CV-00924**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**ALLIED TRUST INSURANCE CO**         **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is a "FRCP 56 Motion for Partial Summary Judgment" (Doc. 17) wherein Defendant Allied Trust Insurance Company ("Allied") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims and also to grant its Motion for Partial Summary Judgment pursuant to Rule 56.

### FACTUAL STATEMENT

On or about August 27, 2020, Plaintiffs' home was damaged as a result of Hurricane Laura. Allied issued a policy of insurance during the relevant time period.[1] Plaintiffs notified Allied on August 28, 2020, of the alleged damage.[2] Allied inspected the home on September 3, 2020.[3] Allied remitted payment to Plaintiffs on October 19, 2020, based on the September 3, 2020, inspection.[4]

On or about October 12, 2021, Plaintiffs notified Allied of alleged damage resulting from Hurricane Delta.[5]

---

[1] Defendant's exhibit A.
[2] Defendant's exhibit B, Cory Baker Declaration, ¶ 8.
[3] Plaintiffs' exhibit P2.
[4] Plaintiffs' exhibit P3.
[5] Defendant's exhibit B, Baker decl. ¶ 10.

Allied's first estimate provided a Replacement Cost Value ("RCV") of $91,113.37 and Actual Cost Value ("ACV") of $79,650.10 for the dwelling, and a RCV of $8,571.76 and ACV of $7,421.89 for other structures.[6] On November 24, 2020, the Cradors contacted Allied to address damages not included in Allied's initial estimate, specifically, drywall, granite counter tops and the HVAC system.[7] On December 10, 2020, the Cradors provided Allied an HVAC estimate, and on January 20, 2021, the Cradors provided an estimate from Lake Area Plumbing.[8] On March 17, 2021, Allied received the report and damage repair estimate on behalf of Plaintiff by Kermith Sonnier.[9]

As of March 4, 2021, Allied made the following payments for both Hurricanes:

| | |
|---|---|
| Coverage A (dwelling) | $131,292.29 |
| Coverage B (other structures) | $ 7,421.89 |
| Coverage C (personal property) | $ 2,342.70 |
| Coverage D (loss of use) | $ 22,668.15[10] |

Allied invoked the appraisal process on March 23, 2021. The appraisal award provided a RCV of $337,014.87 and ACV of $315,072.98 for the dwelling,[11] and an RCV of $28,017.46 and ACV for $24,383.47 for other structures.

On July 28, 2021, Allied tendered payment of all undisputed amounts of $197,588.71 for Coverage A and $10,381.58 for Coverage B.[12]

---

[6] Plaintiffs' exhibit P2.
[7] Plaintiffs' exhibit P6.
[8] Plaintiffs' exhibits 7 and 8.
[9] *Id.* ¶ 13.
[10] Defendant's exhibit B, Baker Decl. ¶ 12.
[11] Defendant's exhibit F.
[12] Defendant's exhibit B, Baker Decl. ¶ 20.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Allied moves to dismiss Plaintiffs' claim for bad faith penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973. Allied argues that because it timely invoked the Policy's appraisal provisions, and timely paid the agreed-to appraisal award, Plaintiffs will not be able to establish that Allied acted arbitrarily and capriciously in handling the claims.

Plaintiffs argue that there remain genuine issues of material fact for trial and submits the following to support their claim for penalties and attorney fees. On September 15, 2020, Allied received a "dry out" estimate from Servpro for $44,5409.90. Allied did not remit payments for Servpro's services until March 4, 2021. After numerous complaints and requests from the Cradors, Allied remitted $39,722.19.

Allied only remitted $5,000.00 under Coverage D after Mr. Crador sent Allied an email on October 17, 2020, despite Allied having been informed previously that the Crador's home had suffered severe damage.[13] Plaintiffs argue that the October 19, 2020, payment under Coverage A for $73,070.10 and $7,421.89 for Coverage B was untimely.

Plaintiffs assert that on November 24, 2020, they notified Allied that there were errors in Allied's estimates,[14] but Allied refused to assist them and required that the Cradors hire multiple specialists to determine the cause of damage.

---

[13] Plaintiffs' exhibit P3.
[14] Plaintiffs' exhibit P6.

Allied required the Cradors to get quotes and diagnostic reports from Moreau's Heating and AC, and ACE Air Conditioning, which recommended total replacement of the HVAC system due to the damage caused by Hurricane Laura. The Cradors submitted the quotes and reports to Allied, however, Allied informed the Cradors that it would have to get its own reports and quotes from its own specialist.[15] On February 8, 2021, sixty (60) days after Allied received the quote from the Cradors, Allied accepted the quote from Moreaus' Heating and AC and remitted payment.

On January 20, 2021, the Cradors sent Allied a quote and diagnostic report from Lake Area Plumbing;[16] Allied denied payment. Because Allied refused to remit payment for the full damages to their home, they were forced to acquire an estimate and engineering report and undergo further inspections. The Cradors argue that Allied received satisfactory proof of loss on September 3, 2020, upon Allied's initial inspection, and written proof of loss through their attorney on March 17, 2021.[17] On March 23, 2021, Allied invoked the appraisal process—202 days after receiving satisfactory proof of loss.[18]

Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations underlying the reasonableness of the insurers refusal to pay. *Marcell v. Southern Fidelity Ins. Co.*, 954 F.Supp.2d 429 (E.D. La. 2013). Whether an insurer has acted arbitrarily, capriciously, or without probable cause depends on the facts

---

[15] Plaintiffs' exhibit P8.
[16] Plaintiffs' exhibit 9.
[17] Plaintiffs' exhibit 11.
[18] Doc. 17-6.

and circumstances of the case and what the insurer knew at the time of its actions. *See Radosta v. Lexington Ins. Co.*, 2014 U.S. Dist. LEXIS 52644, (E.D. La. April 16, 2014).

Plaintiffs argue that there is a genuine issue of fact concerning whether Allied conducted a reasonable inspection and made payments timely as mandated by Louisiana Revised Statutes 22:1892 and 22:1973, after receiving satisfactory proof of loss.

The Court finds that there are genuine issues of fact for trial as to Allied's handling of the claim.

## **CONCLUSION**

For the reasons set forth above, the Motion for Partial Summary Judgment filed by Allied will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 13th day of May, 2022.

            _____
            **JAMES D. CAIN, JR.**
            **UNITED STATES DISTRICT JUDGE**